```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,     )
                              )
         v.                   )   Crim. No. 74-253(TFH)
                              )
VESTAL B. THOMAS,             )
         Defendant.           )
```

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
## TO EXPUNGE CRIMINAL RECORD

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following opposition to defendant's motion to expunge criminal record.

In Doe v. Webster, 606 F.2d 1226, 1230 (D.C. Cir. 1979), the D.C. Circuit noted that, even absent a statute authorizing expungement, federal courts have the power to order expungement in certain extraordinary circumstances. In Doe, supra, the court reviewed the expungement case law, and indicated that the power to grant expungement is very narrowly limited:

> [A]lthough there are indeed many instances in which courts have ordered expungement of arrest records in the exercise of their inherent equitable powers, all of those cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances.

Furthermore, an individual is not entitled to expungement of an otherwise legal arrest record simply because the charges are subsequently dismissed or a trial ends in acquittal. United States v. Schnitzer, 567 F.2d 536 (2d Cir. 1977), cert. denied, 435 U.S.

907 (1978).

On August 2, 1974, the defendant was found guilty on five counts of Theft or Receipt of Stolen Mail Matter Generally, 18 U.S.C. §1708 (1970), and of Theft of Mail Matter by Officer or Employee, 18 U.S.C. §1709 (1970). On October 1, 1974, defendant was sentenced to confinement not less than 18 months or more five years on each count, with all counts to run concurrently. Defendant now asks this Court to expunge his record because he has recently been turned down for two jobs, allegedly because of his criminal record.

The defendant has not claimed that governmental misbehavior led to his arrest, that he was innocent, and that the harm to him from the maintenance of the arrest record was not attributable to him. Nor has defendant established flagrant violations of the Constitution or any other extraordinary circumstances, to establish that he is entitled to relief. Instead, defendant asks solely for the Court in its leniency to spare him a burden which is the product not of government misbehavior but of his commission of a crime. This Court simply lacks the power to expunge a conviction under these circumstances and, as it were, to re-write history so that the defendant's potential employers are in effect misled as to defendant's true and accurate criminal history. See Doe, supra, 606 F.2d at 1231 ("absent statutory authority it would be wholly

inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest but a valid conviction.").

Accordingly, defendant's motion should be summarily denied.

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, Bar No. 451058
UNITED STATES ATTORNEY

_____
ROBERT D. OKUN, Bar No. 457078
Chief, Special Proceedings Section

_____
CAROLYN K. KOLBEN, Bar No. 391156
Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that I caused the foregoing Government's Opposition to Defendant's Motion to Expunge Criminal Records has been filed via the Electronic Case Filing System and has been mailed this ___ day of August, 2006 to Vestal B. Thomas, 7419 Calder Drive, Capitol Heights, MD 20743.

_____
Carolyn K. Kolben, Bar No.391156
Assistant United States Attorney
Room 10-441
Judiciary Center
555 4th Street N.W.
Washington, D.C. 20530
202-514-7280