UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

VESTAL BULLOCK THOMAS

Crim. No. 74-00253 (TFH)

## ORDER

Pending before the Court is [1] Defendant's Motion to Expunge Criminal Record, which Vestal Bullock Thomas filed on May 30, 2006. Mr. Thomas' criminal record reflects that in 1974 he was convicted of five counts of Theft or Receipt of Stolen Mail Matter Generally in violation of 18 U.S.C. § 1708 and Theft of Mail Matter by Officer or Employee in violation of 18 U.S.C. § 1709. Mr. Thomas states in his motion that he has devoted 30 years of service to his employer but seeks to expunge his criminal record so he can pursue other employment opportunities upon his retirement. Def.'s Mot. To Expunge Crim. Record 1.

Although the Court is sympathetic to Mr. Thomas' desire to improve his job prospects by expunging his criminal record, the Court is aware of no statute authorizing expungement under such circumstances and none was cited by Mr. Thomas. *See Doe v. Webster*, 606 F.2d 1226, 1231 (D.C. Cir. 1979) ("[A]bsent specific statutory authority it would be wholly inappropriate to order such an expungement in a case such as this where there has been not only a valid arrest but a valid conviction."). Nor does Mr. Thomas offer any evidence indicating that his arrest and conviction were invalid, obtained without probable cause and as a result of constitutional violations, were secured by government wrongdoing, or otherwise involved unusual and

extraordinary circumstances such that the Court should exercise its equitable powers to expunge his record to preserve his basic legal rights.  *See Livingston v. United States Dep't of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985) (holding that, before expunging a criminal record, the court must find the "remedy is necessary and appropriate in order to preserve basic legal rights"); *Webster*, 606 F.2d at 1231 ("[A]lthough there are indeed many instances in which courts have ordered expungement . . . in the exercise of their inherent equitable powers, all of these cases involved either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." (footnotes omitted)); *cf. United States v. Benlizar*, 459 F. Supp. 614, 623-25 (D.D.C. 1978) (finding expungement of arrest and conviction records appropriate due to serious government misconduct in procuring an illegal conviction).  Consequently, because Mr. Thomas does not argue that he was improperly arrested or convicted, or that unusual or exceptional circumstances justify the expungement of his valid arrest and criminal conviction, the Court hereby **DENIES** his motion.

      **SO ORDERED**.

August **27**, 2007

                                                   Thomas F. Hogan
                                                   Chief Judge

Copies to:      Vestal Bullock Thomas
                  7419 Calder Drive
                  Capitol Heights, Maryland 20743

                  Carolyn K. Kolben
                  United States Attorney's Office
                  Special Proceedings Division
                  555 4th Street, NW, Room 10-441
                  Washington, DC  20530